IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-79,801-01




EX PARTE JASON SHAWN-MICHEAL BOOKMAN, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 958551-A IN THE 338TH DISTRICT COURT
FROM HARRIS COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder
and sentenced to imprisonment for life. The First Court of Appeals affirmed his conviction. 
Bookman v. State, No. 01-04-01145-CR (Tex. App.—Houston [14th Dist.] 2007, no pet.).
            Applicant contends, among other things, that appellate counsel failed to argue that the trial
court erred in cumulating his sentence with a subsequent ten-year sentence for aggravated robbery. 
The trial court made findings of fact and conclusions of law and recommended that we reform the
judgment. We believe that the record is not sufficient to resolve this claim. 
            Applicant has alleged facts that, if true, might entitle him to relief. Robbins v. Smith, 528 U.S.
259 (2000); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order appellate counsel to respond to Applicant’s claim. The trial court may use any means set
out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 
            Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
further hearings, it shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the
hearing. Tex. Code Crim. Proc. art. 26.04. 
            After reviewing appellate counsel’s response, the trial court shall make further findings of
fact and conclusions of law as to whether counsel’s conduct was deficient and Applicant was
prejudiced. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.

Filed: June 25, 2014
Do not publish